# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

vs.                                                                No.       98cv1474 LH/JHG
                                                                                                 CR 96-616 LH

ENRIQUE CHAVEZ-RAMOS,

    Defendant-Movant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

      This matter is before the Court on Movant's (Chavez's) Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Chavez, currently incarcerated and proceeding *pro se,* attacks the Judgment and Sentence entered on November 20, 1997, in the case styled *United States of America v. Enrique Chavez-Ramos*, and numbered CR 96-616 LH, United States District Court for the District of New Mexico. The United States Magistrate Judge, having considered the arguments, pleadings, relevant law, and being otherwise fully informed, finds the motion is not well-taken and recommends that it be DENIED.

      On September 25, 1996, Chavez was charged with possession with intent to distribute 1775 pounds of marijuana in violation of 21 U.S.C. § 841(a)(1). On May 21, 1997, Chavez was charged by a second superseding indictment with conspiracy to distribute more than 1000 kilograms of marijuana in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 (Count One), possession with intent to distribute more than 100 kilograms of marijuana and aiding and abetting in violation of 21 U.S.C.

§841 (a)(1), 21 U.S.C. § 841(b)(1)(A) and U.S.C. § 2 (Count Two), conspiracy to commit money laundering or conducting a financial transaction to promote specified unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (b)(ii), and 18 U.S.C. § 2 (Count Four); money laundering or conducting a financial transaction to promote specified unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and 18 U.S.C. § 2 (Count Ten); and money laundering or conducting a financial transaction to promote specified unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and 18 U.S.C. § 2 (Count Eleven).

On August 27, 1997, Chavez pleaded guilty pursuant to a plea agreement to conspiracy to distribute more than 1000 kilograms of marijuana in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 (Count One), possession with intent to distribute more than 100 kilograms of marijuana and aiding and abetting in violation of 21 U.S.C. §841 (a)(1), 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 2 (Count Two), and money laundering or conducting a financial transaction to promote specified unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and 18 U.S.C. § 2 (Count Eleven). Pursuant to the plea agreement, the Government dismissed the remaining counts of the indictment as to him. On November 12, 1997, Chavez was sentenced to 125 months incarceration on each count to run concurrently, to be followed by five years supervised release for Counts One and Two, and three years supervised release for Count Eleven, all to run concurrently. Chavez filed a direct appeal. The Tenth Circuit affirmed on January 11, 1999.

In his Motion, Chavez contends the United States' breach of the plea agreement deprived him of his due process rights guaranteed by the Sixth Amendment, the United States utilized his criminal history without fulfilling its burden of proof, and his attorney provided ineffective assistance of counsel. Chavez does not allege the plea violated Fed.R.Crim.P. 11 or was otherwise invalid.

The first question is whether the Antiterrorism and Effective Death Penalty Act (AEDPA) applies to this case. The AEDPA applies to all cases filed after April 24, 1996. 28 U.S.C. § 2255; *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). The Motion was filed on November 30, 1998. Therefore, the AEDPA applies. The AEDPA imposed a one year period of limitation to § 2255 proceedings. 28 U.S.C. § 2255. The Judgment and Sentence was filed on November 20, 1997. Although it was not filed until November 30, 1998, the Motion was executed on, and presumably delivered to, prison authorities for mailing on November 19, 1998. Thus, the Motion is timely under the AEDPA because it was "filed" within one year of the date of filing of the Judgment and Sentence. *Houston v. Lack*, 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (prisoner petition deemed filed when placed in prison mail).

The Court has determined the motion, files and records of the case conclusively show Chavez-Ramos is entitled to no relief. Therefore, an evidentiary hearing is not required. 28 U.S.C. § 2255.

The Government contends Chavez's claims are procedurally defaulted because he failed to raise them on direct appeal. Ordinarily, a § 2255 motion is not available to test the legality of matters which should have been addressed on direct appeal. *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994). A movant who failed to present an issue on direct appeal is barred from doing so in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or unless he can show a fundamental miscarriage of justice will occur if his claim is not addressed. *Id.*

On direct appeal, Chavez-Ramos argued that the sentencing erroneously considered his 1987 conviction for driving under the influence of alcohol, and on the basis of this error, denied him a two-level reduction under the safety valve provisions. Chavez-Ramos failed to present his due process

challenge, challenge to the wording of the plea agreement, challenge to the terms of the plea agreement, and challenges to the accuracy of the presentence report and sentencing proceeding on direct appeal. A movant who failed to present an issue on direct appeal is barred from doing so in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or unless he can show a fundamental miscarriage of justice will occur if his claim is not addressed. Chavez-Ramos has not alleged any cause or prejudice for his failure to raise these issues on direct appeal. He has also wholly failed to allege a fundamental miscarriage of justice would result if the merits of these issue are not addressed herein. Thus, the issues which Chavez-Ramos failed to raise on direct appeal may be barred by procedural default.

An important distinction must be drawn at this point. On direct appeal, Chavez argued he would have qualified for a downward departure under the safety valve provision of the Sentencing Guidelines, 18 U.S.C. § 3553(f), if the court had not improperly attributed one criminal history point to a prior drunk driving conviction. This issue overlaps the second issue raised herein. The Tenth Circuit Court of Appeals agreed with the sentencing court's finding that Chavez had more than one criminal history point. The Tenth Circuit upheld the district court's determination that Chavez failed to qualify for the safety valve provision. *United States v. Chavez-Ramos*, 1999 WL 7727 (10th Cir. Jan. 11, 1999).

Thus, to the extent the second issue is the same as the issue raised on direct appeal, it is precluded by the doctrine of law of the case, rather than the doctrine of procedural default.. The law of the case is a judicial doctrine designed to promote decisional finality. Once a court decides an issue, the doctrine comes into play to prevent the re-litigation of that issue in subsequent proceedings in the same case. *United States v. Talk*, 158 F.3d 1064, 1068 (10th Cir. 1998). In this case, the Tenth

Circuit has already determined that Chavez failed to qualify for the safety valve provision. Thus, re-litigation of that issue is precluded in this § 2255 proceeding by the doctrine of law of the case.

Moreover, it is important to note that the doctrine of procedural default does not apply to claims of ineffective assistance of counsel. *United States v. Galloway*, 56 F.3d 1239, 1241 (10th Cir. 1995). Chavez alleged ineffective assistance of counsel as the third issue in his § 2255 motion. Thus, the Motion is not necessarily barred by procedural default under *Frady*. However, it is not necessary to actually resolve the procedural default issue because Chavez's substantive claims are without merit.

The Government also argues that aspects of Chavez-Ramos's claims are not cognizable under § 2255, citing to Judge Briscoe's concurring opinion in *United States v. Talk*, 158 F.3d at 1073. While it is true that, by its express terms, relief under § 2255 is limited. 28 U.S.C. § 2255. However, the undersigned finds it does not specifically delineate those boundaries in this case because the substantive claims are without merit.

In his Motion, Chavez contends the Government breached the plea agreement because it knew his criminal history exceeded one point, thereby disqualifying him from eligibility for the safety valve. The plea agreement provided that application of the safety valve was contingent upon the defendant not having more than one criminal history point under the Sentencing Guidelines and the defendant truthfully completing a debriefing. Chavez should have been aware of the extent of his criminal history which was borne out by the presentence investigation. Chavez has never argued the two DUI convictions did not exist. In other words, the Government was in no better position to ascertain the extent of Chavez's criminal history than he was. Under these circumstances, the Government did not breach the plea agreement.

Along these same lines, Chavez also argues the plea agreement was ambiguous. A plea

agreement is not rendered ambiguous because the parties do not agree as to its proper construction. *United States v. Mintz*, 935 F.Supp. 1178, 1179 (D. Kan. 1996). The undersigned has reviewed the plea agreement and determined its language is clear and unambiguous.

Chavez argues his attorney, Mr. Stevers rendered ineffective assistance of counsel. In order to establish ineffective assistance of counsel, Chavez must show Mr. Stevers' representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for his unprofessional errors, the result of the proceedings would have been different. *United States v. Chavez-Marquez*, 66 F.3d 259, 262 (10th Cir. 1995)(citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

In the context of a guilty plea case, the first prong of *Strickland* includes counsel's informed opinion as to what plea should be entered. *United States v. Carter*, 130 F.3d 1432, 1442 (10th Cir. 1997), *cert. denied*, 118 S.Ct. 1856, 140 L.Ed.2d 1104 (1998). With respect to the second prong, Chavez must show there is a reasonable probability that, but for the deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *Laycock v. New Mexico*, 880 F.2d 1184, 1187 (10th Cir. 1989). Chavez has the burden of establishing both prongs of *Strickland*. *Hatch v. Oklahoma*, 58 F.3d 1447, 1457 (10th Cir. 1995) *cert. denied*, 517 U.S. 1235, 116 S.Ct. 1881, 135 L.Ed.2d 176 (1996).

Chavez claims Mr. Stevers was ineffective by advising him to accept the plea agreement without clear knowledge of his prior criminal record, advising him to accept an ambiguous plea agreement, and by filing a brief on direct appeal pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396 , 18 L.Ed2d 493 (1967) . Chavez was in a better position than Mr. Stevers to know his criminal history. At sentencing, Chavez remained silent. He did not assert that his convictions

were invalid. He does not allege herein that he informed Mr. Stevers that the convictions were invalid. Under these circumstances, Chavez has failed to establish Mr. Stevers was ineffective by advising him to accept the plea agreement.

Moreover, Chavez has not demonstrated be was prejudiced by Mr. Stevers' representation. The plea agreement is not ambiguous. Furthermore, the Tenth Circuit has determined Chavez was not entitled to the safety valve. The Tenth Circuit also granted Mr. Stevers' motion to withdraw on the ground that the appeal was frivolous, thereby approving Mr. Stevers' assessment under *Anders*. Thus, Chavez was not prejudiced by Mr. Stevers' actions in any respect. Mr. Stevers did not render ineffective assistance of counsel by advising Chavez to accept the plea agreement under the circumstances. Mr. Stevers was not ineffective in his assessment of the appeal in light of *Anders*.

## RECOMMENDED DISPOSITION

Chavez's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 should be denied.

_____
**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE**

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.